UNITED STATES DISTRICT COURT
SOUHTERN DISTRICT OF FLOIRDA
MIAMI DIVISION

CASE NO: 1:16-CV-23627-SCOLA/OTAZO-REYES

ATAIN SPECIALTY INSURANCE COMPANY,

Plaintiff,

vs.

KENNETH RUSSELL ROOF CONTRACTING, LLC

Defendant.

_______________________________________________/

**DEFENDANT KENNETH RUSSELL ROOF CONTRACTING, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR DECLARTORY JUDGMENT**

Defendant Kenneth Russell Roof Contracting, LLC ("KRR"), through counsel, hereby submits its Answer and Affirmative Defenses to plaintiff Atain Specialty Insurance Company ("Atain"). KRR denies each and every allegation not specifically admitted herein and states as to each correspondingly numbered paragraph of the Complaint as follows.

**ANSWER**

1. KRR admits that the Complaint seeks declaratory relief but denies that Atain is entitled to any relief against KRR.

2. KRR admits the allegations contained in paragraph 2 of the Complaint.

**JURISDICTION AND VENUE**

3. The partial allegations contained in paragraph 4 of the Complaint regarding Title 28 U.S.C. Section 1332(a)(1) of the Complaint call for a legal conclusion and as such, are

denied. KRR lacks knowledge regarding the citizenship of Atain, and admits it is a Florida limited liability company.

4. The allegations contained in paragraph 4 of the Complaint call for a legal conclusion and as such, are denied.

5. KRR lacks knowledge and information sufficient to form a belief as to the partial allegations contained in paragraph 5 of the Complaint as to the amount in controversy of this matter as well as to Atain's citizenship, and therefore, denies the same. KRR further denies that it is liable to Palm Springs Investment Corp. ("Palm Springs") in the underlying Counterclaim ("Underlying Counterclaim").

6. KRR lacks knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint and therefore, denies the same.

7. KRR admits the allegations contained in paragraph 7 that it is a Florida limited liability company with its principal place of business in Miami, Florida, and that Kenneth Russell is its managing member who is a citizen of Florida.

**THE UNDERLYING COUNTERCLAIM**

8. The allegations contained in paragraph 8 of the Complaint call for a legal conclusion, and as such, are denied. KRR respectfully refers the Court to the Contract's complete text for its full and intended interpretation.

9. KRR admits the partial allegations contained in paragraph 9 of the Complaint that a copy of the contract between it and Palm Springs is attached to the Complaint as Exhibit B. The remainder of the allegations contained in paragraph 9 of the Complaint call for a legal conclusion, and as such, are denied. KRR respectfully refers the Court to the Contract's complete text for its full and intended interpretation.

10. The allegations contained in paragraph 10 of the Complaint call for a legal conclusion, and as such, are denied. KRR further denies that it is liable to Palm Springs or has caused it any damages.

11. The allegations contained in paragraph 11 of the Complaint call for a legal conclusion, and as such, are denied. KRR further denies that it is liable to Palm Springs or has caused it any damages.

12. The allegations contained in paragraph 12 of the Complaint call for a legal conclusion, and as such, are denied. KRR further denies that it is liable to Palm Springs or has caused it any damages.

13. The allegations contained in paragraph 13 of the Complaint call for a legal conclusion, and as such, are denied. KRR further denies that it is liable to Palm Springs or has caused it any damages.

14. The allegations contained in paragraph 14 of the Complaint call for a legal conclusion, and as such, are denied. KRR further denies that it is liable to Palm Springs or has caused it any damages.

15. The allegations contained in paragraph 15 of the Complaint call for a legal conclusion, and as such, are denied. KRR further denies that it is liable to Palm Springs or has caused it any damages.

16. The allegations contained in paragraph 16 of the Complaint call for a legal conclusion, and as such, are denied. KRR further denies that it is liable to Palm Springs or has caused it any damages.

17. The allegations contained in paragraph 17 of the Complaint call for a legal conclusion, and as such, are denied. KRR further denies that it is liable to Palm Springs or has caused it any damages.

18. KRR admits the allegations contained in paragraph 18 of the Complaint.

19. The allegations contained in paragraph 19 of the Complaint call for a legal conclusion, and as such, are denied.

**THE ATAIN POLICY**

20. KRR admits that a copy of what purports to be the Policy and its attendant documents described in paragraph 20 of the Complaint is attached thereto as Composite Exhibit 2. KRR respectfully refers the Court to the Policy's complete text for its full and intended interpretation.

21. The allegations contained in paragraph 21 of the Complaint call for a legal conclusion, and as such, are denied.

22. The allegations contained in paragraph 22 of the Complaint call for a legal conclusion, and as such, are denied. KRR respectfully refers the Court to the Policy's complete text for its full and intended interpretation.

23. The allegations contained in paragraph 23 of the Complaint call for a legal conclusion, and as such, are denied. KRR respectfully refers the Court to the Policy's complete text for its full and intended interpretation.

24. The allegations contained in paragraph 24 of the Complaint call for a legal conclusion, and as such, are denied. KRR respectfully refers the Court to the Policy's complete text for its full and intended interpretation.

25. The allegations contained in paragraph 25 of the Complaint call for a legal conclusion, and as such, are denied. KRR respectfully refers the Court to the Policy's complete text for its full and intended interpretation.

**DECLARATORY RELIEF**

26. KRR re-alleges and reincorporates its responses to paragraphs 1-25 of the Complaint as if fully set forth herein.

27. The allegations contained in paragraph 27 of the Complaint call for a legal conclusion, and as such, are denied. KRR respectfully refers the Court to the Policy's complete text for its full and intended interpretation.

28. The allegations contained in paragraph 28 of the Complaint call for a legal conclusion, and as such, are denied. KRR respectfully refers the Court to the Policy's complete text for its full and intended interpretation.

29. The allegations contained in paragraph 29 of the Complaint call for a legal conclusion, and as such, are denied. KRR respectfully refers the Court to the Policy's complete text for its full and intended interpretation.

30. The allegations contained in paragraph 30 of the Complaint call for a legal conclusion, and as such, are denied. KRR respectfully refers the Court to the Policy's complete text for its full and intended interpretation.

31. The allegations contained in paragraph 31 of the Complaint call for a legal conclusion, and as such, are denied. KRR respectfully refers the Court to the Policy's complete text for its full and intended interpretation.

32. The allegations contained in paragraph 32 of the Complaint call for a legal conclusion, and as such, are denied. KRR respectfully refers the Court to the Policy's complete text for its full and intended interpretation.

33. The allegations contained in paragraph 33 of the Complaint call for a legal conclusion, and as such, are denied. KRR respectfully refers the Court to the Policy's complete text for its full and intended interpretation.

34. The allegations contained in paragraph 34 of the Complaint call for a legal conclusion, and as such, are denied. KRR respectfully refers the Court to the Policy's complete text for its full and intended interpretation.

35. KRR lacks knowledge and information sufficient to form a belief as to Atain's position, and denies the remaining allegations contained in paragraph 35 of the Complaint as they call for a legal conclusion.

36. The allegations contained in paragraph 36 of the Complaint call for a legal conclusion, and as such, are denied.

37. The allegations contained in paragraph 37 of the Complaint call for a legal conclusion, and as such, are denied.

38. The allegations contained in paragraph 38 of the Complaint call for a legal conclusion, and as such, are denied.

In response to the unnumbered "Wherefore" paragraph following paragraph 38 of the Complaint, KRR denies that any action or inaction on its part has given rise to any liability to Palm Springs and further states that the Policy applies to any and all claims asserted against KRR by Palm Springs, and therefore denies that Atain is entitled to any of the relief requested against KRR whatsoever.

## AFFIRMATIVE DEFENSES

And as for its affirmative defenses, KRR states as follows:

***First Affirmative Defense***

Atain's claims are barred, in whole or in part, by its failure to state a cause of action upon which relief can be granted because the subject Policy covers any alleged liability or damages asserted by Palm Springs against KRR in the Underlying Counterclaim.

***Second Affirmative Defense***

Atain's claims are barred, in whole or in part, because this Court lacks subject matter jurisdiction over this dispute.

***Third Affirmative Defense***

Atain's claims are barred, in whole or in part, by the doctrine of waiver, as Atain has assumed the defense of KRR in the Underlying Counterclaim.

***Fourth Affirmative Defense***

Atain's claims are barred, in whole or in part, by the doctrine of estoppel, as Atain is estopped from seeking declaratory relief, as Atain has assumed the defense of KRR in the Underlying Counterclaim.

***Fifth Affirmative Defense***

Atain's claims are barred, in whole or in part, because KRR has performed all of its obligations under the Policy, and acted in good faith at all times relevant to the Complaint.

***Sixth Affirmative Defense***

Atain's claims are barred, in whole or in part, because KRR has performed all of its obligations to Palm Springs' pursuant to the parties' contract, and acted in good faith at all times relevant to the Complaint.

***Seventh Affirmative Defense***

Atain's claims are barred, in whole or in part, because there is no bona fide, actual and present dispute between the parties.

***Eighth Affirmative Defense***

Atain's claims are barred, in whole or in part, by the doctrine of unclean hands.

***Ninth Affirmative Defense***

Atain's claims are barred, in whole or in part, for failure to join an indispensable party, Palm Springs, whose rights are affected by this matter.

***Tenth Affirmative Defense***

Atain's claims are barred, in whole or in part, because it owes KRR a duty to defend the underlying lawsuit as a matter of law because the damages complained of by Palm Springs are within the Policy's scope.

***Eleventh Affirmative Defense***

Atain's claims are barred because KRR is not liable to and did not cause any damages to Palm Springs, as alleged in the Underlying Counterclaim. KRR expressly incorporates his affirmative defenses to the Underlying Counterclaim by reference into this action.

***Reservation of Rights***

KRR reserves the right to assert additional defenses or claims, which may become known during the course of discovery.

**WHEREFORE**, KRR respectfully requests that the Court issue judgment in its favor, dismiss Atain's Complaint and grant KRR such other and further relief as the Court deems just and proper, including but not limited to an award of KRR's attorney's fees and costs.

Dated: November 4, 2016

Respectfully submitted,

By: /s/ Courtney Caprio
Courtney Caprio
Florida Bar No. 933961
ccaprio@sinclairlouis.com
SINCLAIR, LOUIS & ZAVERTNIK, P.A.
40 N.W. 3rd Street, Suite 200
Miami, FL 33128-1839
Tel: (305) 374-0544
Fax: (305) 381-6869
*Attorneys for defendant Kenneth Russell Roof Contracting, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by service on CM/ECF on November 4, 2016 on all counsel of record on the Service List below.

By: /s/ Courtney Caprio

**SERVICE LIST**

Nicole Sieb Smith
nsmith@rumberger.com
Caitlin Trowbridge
ctrowbridge@rumberger.com
RUMBERGER KIRK & CALDWELL
80 Southwest 8th Street, Suite 3000
Miami, Florida 33130
Tel: 305-358-5577
Fax: 305-371-7580
*Attorneys for plaintiff Atain Specialty Insurance Company*