United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Atain Specialty Insurance Company, Plaintiff, v. Kenneth Russell Roof Contracting, LLC, Defendant. | Civil Action No. 16-23627-Civ-Scola |

## **Order on Motion to Dismiss**

The Defendant Palm Springs Investment Corporation asks this Court to dismiss the Plaintiff Atain Specialty Insurance Company's amended complaint, or in the alternative to stay these proceedings during the pendency of the underlying state-court action. (Mot., ECF No. 22). The Defendant Kenneth Russell Roof Contracting ("KRR") adopted Palm Springs's motion. (ECF No. 26.) Atain responded. (Resp., ECF No. 29.) The time for Palm Springs to reply has passed. This matter is ripe for the Court's decision. For the reasons set forth in this Order, the Court **denies** the Motion (**ECF No. 22**).

1. **Background**

Atain's complaint for declaratory judgment arises from a state lawsuit in which Palm Springs filed a counterclaim against KRR, alleging claims to recover damages for allegedly defective roofing work performed by KRR. (Am. Compl. ¶ 1, ECF No. 13.) KRR held an insurance policy from Atain providing commercial general liability coverage from June 28, 2015, to June 28, 2016. (*Id.* ¶ 21; *Id.* Ex. 2 at 2.) KRR made a demand under that Policy seeking coverage and defense of the counterclaims. (Am. Compl. ¶ 19.) Atain seeks a declaration from this Court that the Policy does not afford coverage for Palm Springs's counterclaims and, therefore, Atain does not have a duty to defend or indemnify KRR. (Am. Compl. at 12.)

2. **Legal Standard**

Because Palm Springs essentially asks this Court to decline or delay exercising jurisdiction over Atain's amended complaint, the Court will treat the motion to dismiss as a motion under Federal Rule of Civil Procedure 12(b)(1). Attacks on subject-matter jurisdiction under Rule 12(b)(1) come in two forms: "facial attacks" and "factual attacks." *Lawrence v. Dunbar,* 919 F.2d 1525, 1528-29 (11th Cir. 1990). Facial challenges to subject-matter jurisdiction are based solely on the allegations in the complaint, which "are taken as true for

the purposes of the motion." *Id.* at 1529; *see also Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir. 2009).

Courts look at only the face of the complaint to "determine whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction." *Scelta v. Delicatessen Support Servs., Inc.*, No. 98–2578–CIV–T–17B, 1999 WL 1053121, at *4 (M.D. Fla. Oct. 7, 1999) (citations omitted). On a facial challenge, the court may consider exhibits attached to the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). "The complaint may be dismissed on a facial attack only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hames v. City of Miami*, 479 F. Supp. 2d 1276, 1283–84 (S.D. Fla. 2007) (Seitz, J., *aff'd as modified sub nom. Hames v. City of Miami, FL*, 281 F. App'x 853 (11th Cir. 2008) (internal citation and quotations omitted).

### 3. Analysis

The Defendants claim that Atain's amended complaint is not ripe for adjudication and actually seeks an advisory opinion because the state-court proceedings have not concluded—in other words, because liability has not yet been determined. (Mot. at 2–4.) Atain notes that the Court has the discretion to declare Atain's rights and duties under the Policy pursuant to 28 U.S.C. § 2201(a) and pursuant to Florida law. (Resp. at 3, ECF No. 29; Am. Compl. ¶ 1, ECF No. 13.) Specifically, Atain notes that the amended complaint asks this Court to determine that it has no duty to defend as well as no duty to indemnify KRR. (*Id.* at 12; Resp. at 2, ECF No. 29.)

Upon a request for a declaratory judgment, a federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). A declaratory judgment is not an advisory opinion. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126 (2007). Rather, a declaratory judgment resolves an actual case or controversy, as contemplated in Article III of the United States Constitution. *Id.* "[T]he proper test of when an action for declaratory judgment presents a justiciable controversy is 'whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Arkema, Inc. v. Honeywell, Int'l, Inc.*, No. 2012-1308, 2013 WL 425576, at *4 (Fed. Cir. Feb. 5, 2013) (quoting *MedImmune*, 549 U.S. at 127).

Here, Atain's amended complaint clearly alleges an ongoing justiciable controversy and an immediate need for a declaration of rights. (Am. Compl.

¶¶ 2, 9–20.) KRR has requested a defense in the underlying state-court action, which Atain is providing in spite of asserting that no coverage exists under the Policy with respect to the claims alleged against KRR. (*Id.* ¶¶ 19–20.) Atain expressly reserved its right to deny coverage to KRR. (*Id.* at 20.) Under similar situations, federal district courts in this Circuit routinely find the matter ripe for decision and exercise jurisdiction. *See, e.g., Accident Ins. Co. v. Greg Kennedy Builder, Inc.*, 159 F. Supp. 3d 1285, 1293 (S.D. Ala. 2016) ("The defendants have not explained (and the Court cannot) their odd position that an insurer with the power and the desire to cease providing a defense fails to present an actual controversy when it seeks a declaration that it owes no duty to defend."); *Tower Ins. Co. of N.Y. v. Rainbow Granite & Marble, Inc.*, No. 10-60052-CV, 2010 WL 1740700, at *2 (S.D. Fla. Apr. 29, 2010) (Cohn, J.) ("Thus, there is no basis to dismiss the present Petition with regard to resolving the duty to defend issue."); *Smithers Const., Inc. v. Bituminous Cas. Corp.*, 563 F. Supp. 2d 1345, 1349 (S.D. Fla. 2008) (Moore, J.) ("[T]his Court will retain jurisdiction over the duty to defend and indemnification issues."); *Atl. Cas. Ins. Co. v. GMC Concrete Co.*, No. CIV.A. 07-0563WSB, 2007 WL 4335499, at *5 (S.D. Ala. Dec. 7, 2007) ("[T]here is unquestionably a ripe, live controversy on th[e] issue. Indeed, courts have recognized a controversy exists regarding the duty to defend when the insured seeks a defense from an insurance company, but the insurance company denies that it is obligated.").

The Defendants wrongly rely on *Triple R Paving, Inc. v. Liberty Mut. Ins. Co.*, 510 F. Supp. 2d 1090 (S.D. Fla. 2007) (Cohn, J.). There, the insurer conceded that it had a duty to defend the defendants in the state-court action, and disputed only whether it should bear the full cost of the defense. *Id.* at 1094. The court noted that the issue of apportionment of the cost of defense "reveal[ed] the fundamental difficulty in applying this caselaw without the underlying liabilities of the parties having been established." *Id.* As such, it was proper for the court in *Triple R* to stay any determination on the insurer's duty to indemnify until after the state court made a determination on liability. *See also Smithers Construction*, 563 F.Supp.2d 1345, 1348 (S.D. Fla. 2008) ("[A]n insurers['] duty to indemnify is not ripe for adjudication until the insured is in fact held liable in the underlying suit.").

Here, a dispute exists over whether Atain has a duty to defend KRR in the underlying state-court action. Thus, independent of Atain's request for a declaration as to its duty to indemnify, the request for a declaration on Atain's duty to defend provides appropriate grounds for this Court to exercise its jurisdiction under 28 U.S.C. § 2201(a). However, the Court will not consider the duty-to-indemnify issue until the earlier of (a) final disposition of the underlying state-court action; or (b) a ruling on the duty to defend, at which

time the Court will entertain any motion that the parties may wish to file concerning the duty to indemnify claims.

### 4. Conclusion

Accordingly, for the reasons explained above, the Court **denies** the Defendants' motion to dismiss (**ECF No. 22**). The Court **orders** the Defendants to answer the amended complaint by **June 9, 2017**.

**Done and Ordered** in chambers, at Miami, Florida, on May 26, 2017.

_____
Robert N. Scola, Jr.
United States District Judge